IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENNIS CHARLES JACKSON, | ) | |
| Movant, | ) | |
| vs. | ) | No. 3:16-CV-1513-M-BH |
| | ) | No. 3:11-CR-0023-M (9) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **DENIED** with prejudice.

### I. BACKGROUND

Ennis Charles Jackson (Movant) challenges his federal conviction and sentence in Cause No. 3:11-CR-23-M(9). The respondent is the United States of America (Government).

On March 8, 2011, Movant was charged by superseding indictment with bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2, 2113(a), (d). (*See* doc. 62.)[1] He pled guilty on March 11, 2011. (*See* doc. 77.)

On September 1, 2011, the United States Probation Office (USPO) prepared a Presentence Report (PSR), applying the 2010 United States Sentencing Guidelines Manual (USSG). (*See* doc. 197-1 at 12, ¶ 28.) The PSR used two methods to determine the offense level. Under the first method, it started from a base offense level under USSG § 2B3.1(a) of 20 and then added two offense levels under USSG § 2B3.1(b)(1) because the United States currency that was stolen from

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:11-CR-23-M(9).

an armored truck belonged to a financial institution. (*See id*., ¶¶ 29, 30.)  Six levels were added under USSG §§ 1B1.3(a)(1)(B) and 2B3.1(b)(2)(B) because a firearm was used in the offense. (*See id*., ¶ 31.)  Three levels were added under USSG § 2B3.1(b)(7)(D) because the stolen money was not recovered, and the loss was greater than $250,000 but less than $800,000. (*See id*. at 13, ¶ 32.)  After a three-level reduction for acceptance of responsibility, the total offense level was 28. (*See id*., ¶¶ 36, 37.)  Under the second method, the PSR determined that Movant was a career offender because he had at least two prior convictions for a crime of violence. (*See id*. at 13, ¶ 38.)  The offense level as a career offender under USSG § 4B1.1(b)(B) was 34, which was reduced to 31 after the same three-level reduction for acceptance of responsibility. (*See id*., ¶¶ 38, 39, 40.)  It appears that the career offender offense level of 31 was used to determine the guideline range in the PSR because it was greater than the offense level of 28 under the other method of calculation.  Movant's criminal history category was six, and the resulting guideline range was 188-235 months of imprisonment. (*See id*. at 21, ¶ 79.)

At the sentencing hearing on November 17, 2011, the Court found that Movant was subject to an additional four levels for his leadership role in the offense under USSG § 3B1.1(a), resulting in an increased base offense level from 28 to 32 under the first calculation method, with a guideline range of 210-262 months of imprisonment. (*See* doc. 288 at 10-12.)  That offense level of 32 became greater than the offense level of 31 under the career offender calculation method, so the offense level of 32 was used at the sentencing hearing.  The Court sentenced Movant to 210 months' imprisonment. (*See* doc. 275 at 2.)  His appeal was dismissed as frivolous. (*See* docs. 324, 325.)

Movant now contends that a sentencing guideline that increased his offense level was unconstitutionally vague in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015)*,* and that his

2

prior conviction for burglary should not have been used to enhance him as a career offender. (3:16-CV-1513-M, doc. 2 at 4.) The Government filed a response on July 13, 2016. (*Id.*, doc. 5.) Movant filed a reply on August 16, 2016. (*Id.*, doc. 7.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III.  *JOHNSON* CLAIM

Movant contends that a sentencing guideline that increased his sentence was

unconstitutionally vague under *Johnson v. United States*, 135 S.Ct. 2551 (2015).  His claim lacks merit.[1]

In *Johnson*, the Supreme Court held that the imposition of an increased sentenced under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), (2)(B) (regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another"), violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2563.  The holding of *Johnson* is retroactively available on collateral review.  *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

*Johnson* does not apply to Movant because he was not sentenced under the ACCA.  Even if his offense level had been determined under the career offender method of calculation based on prior convictions for crimes of violence under USSG § 4B1.1(b)(B), he would not be entitled to relief because the sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause.  *Beckles v. United States*, 137 S.Ct. 886, 895 (2017).

To the extent that Movant is claiming that he should not have been sentenced as a career offender under the sentencing guidelines because his prior burglary conviction was not a crime of violence, this claim is not cognizable under § 2255.  A misapplication of a sentencing guideline is not cognizable in a § 2255 motion, because it is not constitutional error and it is error that could have

---

[1] The Government contends that the claim is waived, procedurally barred, and barred by the statute of limitations. Because the one-year limitations period applicable in this § 2254 action is not jurisdictional, *see Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), the Court may bypass the timeliness issue and proceed to the merits, *see White v. Quarterman*, No. 3:06-CV-0849-H, 2008 WL 2221035, at *9 (N.D. Tex. May 29, 2008) (accepting recommendation of Mag. J.).  A court may deny a claim on its merits in lieu of applying a procedural bar.  *See Logan–Gates v. Quarterman*, No. 3:08–CV–1683–B, 2009 WL 3614481, slip op. at *7 (N.D. Tex. Oct. 29, 2009) (recognizing that "the district courts may deny habeas relief for procedurally defaulted claims" in lieu of deciding the issue of procedural bar); *Braswell v. Dretke,* No. 3:02-CV-0342-M, 2004 WL 2583605, at *4 (N.D. Tex. Nov.12, 2004) (findings, conclusions, and recommendation which recognizes that "the district courts may deny habeas relief for procedurally defaulted claims" in lieu of deciding the issue of procedural bar), accepted by 2005 WL 1058865 (N.D.Tex. May 2, 2005).  In this case, the administration of justice would be better served by bypassing the procedural issues and reaching the merits of the claim.

been raised on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (holding that a claim that a prior conviction should not have been used to determine a defendant's career offender status under the sentencing guidelines was not cognizable in a § 2255 motion). Moreover, it appears that his guideline range was not based on his status as a career offender, because the other calculation method resulted in a higher guideline range. Movant is not entitled to relief on his claim.

## IV. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 23rd day of October, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE